UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON K. MARSH,

        Plaintiff,

vs.	Case No. 2:03-cv-162-FtM-29SPC

DEPARTMENT OF CHILDREN AND FAMILIES, KATHLEEN KEARNEY, Ex-Former Secretary, GREGORY VENZ, Executive Director, LIBERTY BEHAVIORAL HEALTHCARE CORPORATION, FLORIDA CIVIL COMMITMENT CENTER, ROBERT BRIODY, Doctor and Executive Director, FNU CAULY, Doctor Clinical Staff, MICHAEL LIPSCOMB, Doctor Clinical Staff, JACK YOUMANS, Facility Safety Director, WILLIAM K. LANDERS, Facility Safety Manager, JAMIE LANDERS, Facility Safety Manager, FNU WHITE, Therapeutic Community Coordinator, FNU DANIELS, Therapeutic Community Coordinator, FNU CARTEL, Therapeutic Community Coordinator, DESOTO COUNTY SHERIFF'S OFFICE, VERON KEEN, Sheriff, JOHN J. FUGATE, Sheriff, and JOHN A. RAYMAKER, Investigator

        Defendants.
_____

**<u>ORDER</u>**

This matter comes before the Court upon Plaintiff's Amended Motion for Reconsideration ("Amended Motion" Doc. #32) filed September 13, 2006. Plaintiff's Amended Motion moots Plaintiff's Motion for Reconsideration (Doc. #31) filed September 7, 2006. Plaintiff requests the Court to reconsider its Order dated August 25, 2006 dismissing Plaintiff's Complaint as against the above named defendants (Doc. #29). The Court will review Plaintiff's

Motion under Rule 59 of the Federal Rules of Civil Procedure, since (applying the mailbox rule) Plaintiff's earlier filed Motion for Reconsideration (Doc. #31) was filed within ten days of judgment, which was entered on August 28, 2006 (Doc. #30).

Plaintiff, is a civil detainee currently confined at the Florida Civil Commitment Center ("FCCC") as a sexually violent predator pursuant to Florida Statute §394 (the "Jimmy Ryce Act"). Plaintiff was proceeding on his pro se Second Amended Complaint (Doc. #28) which asserted violations of the Federal Mental Health Patient Bill of Rights; the American with Disabilities Act; the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; and the Florida Civil Rights Act against various state officials, state agencies and employees at the FCCC. The Court, after a careful and exhaustive review of the Second Amended Complaint, dismissed the Second Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) finding that it failed to allege facts sufficient to give rise to the level of a constitutional violation. Rule 59(e), Fed. R. Civ. P., affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey V. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238 F. Supp. 2d 1325

(S.D. Fla. 2002); <u>Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.</u>, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).

It appears that Plaintiff is asking the Court to vacate its August 25, 2006 Order to correct an error of law. In particular, Plaintiff argues that the Court erred in not applying the tenets of Florida's mental health statute, known as the Baker Act, in determining whether Plaintiff's placement on secure management violated Plaintiff's due process rights. Essentially, Plaintiff argues that individuals civilly committed to the FCCC are confined for mental health purposes; and, thus should be subject to the same administrative statutes as those that govern individuals who are committed under the Baker Act. The Court disagrees.

First it is clear that the state legislature expressly recognized that commitment under the Baker Act was "inappropriate" for individuals sought to be committed under the Jimmy Ryce Act. Significantly, in its statement of "findings and intent," the state legislature said that the Jimmy Ryce Act was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§§ 394.451-394.4789, Fla. Stat.)" § 94.910, FLA. STAT. (2000). <u>See also</u>, <u>Westerheide v. State</u>, 831 So.2d 93, 112 (Fla. 2002) (rejecting plaintiff's equal protection argument on the basis, *inter alia*, that it "rests on the false premise that individuals

-3-

subject to commitment under the Ryce Act are similarly situated to mentally ill persons committed under the Baker Act."). Second, irrespective of whether Florida's mental health statutes apply to residents at the FCCC, the Court found that the Second Amended Complaint had not alleged a violation of a right created by the United States Constitution or the laws of the United States. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002). Any argument that a violation of state law gives plaintiff a viable substantive due process claim has been foreclosed by the United States Supreme Court. Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992)). See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(*en banc*)(substantive rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution). Therefore, no § 1983 claim is stated by virtue of an official's alleged failure to comply with the tenets of the Florida mental health statutes, even if applicable to the FCCC residents.

Having reviewed Plaintiff's Amended Motion, the Court finds Plaintiff has failed to demonstrate grounds to alter or amend the Court's August 25, 2006 Order entered in this matter.

ACCORDINGLY, it is now

**ORDERED**:

1.  Plaintiff's Motion for Reconsideration (Doc. #31) is **DENIED as moot.**

2.  Plaintiff's Amended Motion for Reconsideration (Doc. #32) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of September, 2006.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record